# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                                                          PLAINTIFF

v.                                       No. 4:09CR00322-04 JLH

SAMUEL RAY BLACK, JR.                                                                                              DEFENDANT

## ORDER

Samuel Ray Black, Jr., has filed a motion for a reduction in his sentence and early termination of his probation. Early termination of probation is governed by 18 U.S.C. § 3564(c), which provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Black entered a guilty plea to attempting to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 841(a) and 2, a Class C felony. The Court sentenced Black to a term of three years of probation with a special condition of one hundred (100) hours of community service. That sentence represented a significant downward departure.

In his motion, Black says that he has complied with the terms of his probation and has completed his community service. He also says that he works with a rap group called Re-Entry, that the group sometimes receives invitations to perform out-of-state on such short notice that he cannot obtain permission and that this has caused an "extreme financial and professional hardship" for him.

Black's period of probation began on December 14, 2011, and is therefore due to expire on December 14, 2014. At the time of the sentencing, the Court concluded that a term of probation of three years was sufficient but not greater than necessary to comply with the purposes set forth in

paragraph 2 of section 3553(a). Black has presented nothing to explain why the ends of justice justify a sentence lower than that determined by the Court at sentencing to be sufficient but not greater than necessary to comply with the purposes in section 3553(a)(2). The Court does not believe that a musical group would receive many invitations to perform out-of-state on such short notice that Black would not communicate with his probation officer, so the Court finds no hardship that would justify early termination of probation.

Mere compliance with the terms of probation does not justify early termination because compliance is expected. Without more, early termination cannot be justified. *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003). "Given the gravity of [Mr. Black's] crime . . . it would indeed send the wrong message if this Court, based solely on [Mr. Black's] compliance with the conditions of probation, were to terminate his probationary sentence early." *Id*.

Black's motion for early termination or modification of conditions of probation is DENIED. Document #124.

IT IS SO ORDERED this 4th day of November, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE